**Chief Judge Ricardo S. Martinez**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>V.<br><br>MANUELA ZAHN,<br><br>                       Defendant. | No. 19-cr-203-RSM-8<br><br>ORDER ON DEFENDANT'S MOTION TO CHANGE PLEA VIA REMOTE HEARING |

## I.    ORDER

The court has reviewed Ms. Zahn's motion, the record in this matter, and the applicable law. Being fully advised and finding oral argument unnecessary, the court GRANTS Ms. Zahn's motion as more fully described herein.

## II.    ANALYSIS

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while in open court. See generally Fed. R. Crim. P. Due to the COVID-19

ORDER GRANTING
MOTION FOR REMOTE HEARING
*U.S.A. v. Zahn, 19-cr-203-RSM*

Page 1 of 3

600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

CARNEY GILLESPIE

pandemic and the public health emergency, Congress enacted the Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that certain criminal proceedings may proceed by video teleconferencing during the COVID-19 national emergency, including a guilty plea in a felony case. See CARES Act § 15002. To do so, the Judicial Conference of the United States first must find that the COVID-19 emergency will materially affect the functioning of the federal courts generally or a particular court. Id. § 15002(b)(2)(A). It has done so. See Administrative Office of the United States Courts, Judiciary News, Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access- during-covid-19-pandemic.

On March 30, 2020, this court fulfilled the second requirement of the CARES Act for permitting guilty plea hearings via video teleconferencing when it entered a finding "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." See GO 04-20 at 2; see also CARES Act § 15002(b)(2)(A).

Third, the CARES Act requires that the district court in the particular case must find "for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice." See CARES Act § 15002(b)(2)(A); see also GO 04-20. Accordingly, the court finds that, because Ms. Zahn and the Government have reached an agreement concerning his plea, the plea hearing in this case "cannot be further delayed without serious harm to the interests of justice." See CARES Act § 15002(b)(2)(A). Absent intervention, Ms. Zahn would not be able to participate in a guilty plea hearing until at least October 5, 2020, see GO 13-20 at

ORDER GRANTING
MOTION FOR REMOTE HEARING
*U.S.A. v. Zahn, 19-cr-203-RSM*



2, despite having previously reached an agreement to resolve the case months earlier. In so finding, the court places special emphasis on the fact that Ms. Zahn's guilty plea hearing would have likely occurred by now but for General Order 02-20. Accordingly, the court GRANTS Ms. Zahn's motion to proceed with her guilty plea hearing via video teleconference.

### III. CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Ms. Zahn's motion to proceed with a guilty plea hearing via video teleconference.

DONE this 5th day of October, 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING
MOTION FOR REMOTE HEARING
*U.S.A. v. Zahn, 19-cr-203-RSM*

